NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CU NGUYEN,

                Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant-Appellee.

No. 19-56134

D.C. No. 3:18-cv-00590-H-KSC

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 9, 2020
Pasadena, California

Before:  BEA, THAPAR,** and COLLINS, Circuit Judges.

    Cu Nguyen appeals the district court's judgment affirming the Social

Security Administration's denial of Nguyen's applications for disability insurance

benefits and supplemental security income.  We review the district court's decision

de novo and the agency's decision for substantial evidence.  *Benton v. Barnhart*,

331 F.3d 1030, 1035 (9th Cir. 2003).  We reverse and remand.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

1.  Where there are conflicting medical opinions, the ALJ must provide "specific and legitimate" reasons, supported by substantial evidence, for rejecting one opinion in favor of another. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ failed to do so.

a.  The record contains opinions from at least three medical professionals attesting to the significant limitations associated with Nguyen's long-standing mental illness. Dr. Henderson, a treating psychiatrist, opined in August 2015 that Nguyen's severe mental impairments left him with numerous deficiencies, including a "severe inability to comprehend and follow instructions," to "maintain a work pace appropriate to given workload," and to "perform complex and varied tasks." Examining psychologists Dr. Lessner and Dr. Miller administered a number of psychological tests in 2014 and 2016, respectively, and they produced detailed reports that similarly concluded that Nguyen had significant mental and social limitations. Dr. Miller concluded that it was unlikely, "due to the regressed state of this patient, that there will be any time in the future that he will be able to return to work, even a sedentary job with low stress, due to his concentration problems, his anxiety and his short term memory problems."

In discounting these opinions, the ALJ instead placed "significant weight" on the opinion of psychologist Dr. Ning. The ALJ noted that, in contrast to Dr. Henderson's conclusions, Dr. Ning had opined in May 2013 that Nguyen's

2

"symptoms have stabilized and improved with treatment." The ALJ also noted that Dr. Ning had similarly concluded in August 2013 that Nguyen's condition "has been stable with the help of medications." In explaining why he gave significant weight to Dr. Ning's opinion, the ALJ stated that "Dr. Ning has had the opportunity to treat [Nguyen] over time and is familiar with [Nguyen's] full mental condition." By contrast, the ALJ noted, Dr. Miller "only examined the claimant during a single session" and Dr. Lessner only conducted a "one-time examination." The ALJ therefore concluded that these opinions did "not merit the same weight that would be given to a treating physician with a treating relationship of a longer duration." The ALJ also pointed out that Dr. Ning's opinion was supported by a "progress note" from January 2014 in which, according to the ALJ, a nurse practitioner reported "some improvement."

We conclude that the ALJ's resolution of the conflicting medical evidence was not based on a "legitimate" reason that is supported by substantial evidence. The administrative record contains only two evaluations from Dr. Ning, one in May 2013 and the other in August 2013. Both of these involved the completion of state or county questionnaires, and only the May 2013 report affirmatively mentions that it was based on a personal session with Nguyen. (The August 2013 report was completed by Dr. Ning on behalf of the clinic, drawing at least in part, if not entirely, on the clinic's records.) The ALJ did not point to any other record

3

evidence to support the assertion that "Dr. Ning has had the opportunity to treat the claimant over time" and had a "treating relationship of a longer duration." By contrast, the ALJ acknowledged elsewhere in his decision that Dr. Henderson treated Nguyen "approximately once a month" in the 16-month period between June 2014 and September 2015. Because Dr. Henderson indisputably had a long-term treating relationship with Nguyen, the ALJ's stated reason for favoring Dr. Ning's opinion provides no grounds for rejecting Dr. Henderson's. If anything, that rationale would favor accepting Dr. Henderson's views rather than Dr. Ning's. And given the record evidence of only two evaluations by Dr. Ning—one of which may not have been based on a personal examination—the ALJ's rejection of the detailed assessments made in single sessions by Dr. Lessner and Dr. Miller is likewise not based on a legitimate reason that is supported by substantial evidence.

b. Moreover, the ALJ failed adequately to address the difference in the time frame reflected in the conflicting medical testimony. The evaluations made by Dr. Ning occurred in May 2013 and August 2013, and the nurse's treatment notes were from January 2014. But Dr. Henderson treated Nguyen from June 2014 through September 2015; the examination of Dr. Lester occurred in July 2014; and Dr. Miller's examination was in April 2016. The ALJ dismissed this temporal disparity on the ground that, after Dr. Ning's reports and the nurse's treatment notes, there were "no further reports in the record that document such a severe

4

decrease in mental functioning." But this amounts to little more than bootstrap reasoning, because the later reports that the ALJ rejected *did* document severe limitations in mental functioning in that later time frame. And the ALJ completely ignored the June 2015 report completed by Dr. De Guzman, another treating psychiatrist, which described significant impairments.

2. Because the ALJ relied on his flawed evaluation of the medical evidence in rejecting the testimony of Nguyen and his family members, "the ALJ did not *properly* discount" that testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (simplified). The same is true of the ALJ's consideration of the testimony of Dr. Simonds, a reviewing psychiatrist: in particular, the ALJ rejected portions of his testimony on the ground that they were "largely based on the findings of other doctors" whose opinions the ALJ had discounted. Any such testimony will need to be reevaluated on remand.

3. In view of the foregoing, "we remand to the district court with instructions to remand to the ALJ on an open record for further proceedings," and "we express no view as to the appropriate result on remand." *Id*. at 1142.

**REVERSED and REMANDED.**